HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY MICHAEL MAINES,

  Petitioner,

 v.

UNITED STATES OF AMERICA,

  Respondent.

Case No. C05-5159RBL
CR03-218RBL

ORDER

  THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C. § 2255.

  Having considered the entirety of the records and file herein, the Court rules as follows:

  On May 22, 2003 Maines was indicted on one count of bank robbery and three counts of armed bank robbery. On July 11, 2003 pursuant to a written plea agreement, Maines pled guilty to all four counts. In the factual basis set forth in the plea agreement, Maines admitted that as to two of the armed bank robberies he "displayed an object that appeared to be a pistol and told everyone to put their hands in the air." Plea Agreement, para. 9, CR 03-218RBL, Dkt. #25. As to the third armed bank robbery, Maines admitted that he "displayed an object that appeared to be a semiautomatic handgun." *Id*. Based upon this factual statement, the Probation Department calculated the defendant's total offense level as 27 with a criminal history category if VI, resulting in a guidelines range of 130 to 162 months. In reaching this range, the Probation Officer imposed a three level enhancement for brandishing or possessing a dangerous weapon during a bank robbery

ORDER
Page - 1

1  pursuant to USSG § 2B3.1(b)(2)(c).

2  On March 8, 2004 this Court held a sentencing hearing. At that hearing, the Court agreed with the
3  defendant's argument as to his criminal history, and found that the proper criminal history category was V.
4  This finding resulted in lowering the guideline range to 120 to 150 months. The defendant did not challenge
5  his guidelines calculation in any other way. The defendant was sentenced to 120 months imprisonment. The
6  defendant did not appeal his sentence and he has timely filed this § 2255 motion.

7  Maines claims that the Court violated his Sixth Amendment rights when the Court applied a three level
8  enhancement to his base offense level based on a finding that Maines brandished a dangerous weapon during
9  three bank robberies. Contrary to Maines' argument that *Apprendi v. New Jersey*, 530 U.S. 466 (2000)
10 provides the relief he seeks, his claim is controlled by *United States v. Booker*, 125 S. Ct. 738 (2005). Maines
11 was sentenced on March 8, 2004 and he did not file a Notice of Appeal; thus, his sentence became final shortly
12 thereafter. *Booker* was decided on January 12, 2005. *Booker* does not apply retroactively "and does not apply
13 to cases on collateral review where the conviction was final as of the date of *Booker's* publication." *United
14 States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005).

15 Furthermore, the defendant's argument also fails as a substantive matter. The defendant admitted in
16 the plea agreement the factual basis for the enhancements. He cannot now be heard to complain that his Sixth
17 Amendment rights were violated when he adopted as his own the statement of facts in the plea agreement
18 which sets forth facts sufficient to impose the enhancement. The 120-month sentence imposed was and is a
19 reasonable sentence under *Booker* and 18 U.S.C. § 3553(a). Therefore, it is hereby

20 **ORDERED** that Defendant's Motion Pursuant to 28 U.S.C. § 2255 is **DENIED.**

21 The Court declines to issue a Certificate of Appealability because the defendant has not made "a
22 substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

23 The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
24 pro se.

25 Dated this 26th day of October, 2005.

26
27                              RONALD B. LEIGHTON
28                              UNITED STATES DISTRICT JUDGE

ORDER
Page - 2